[No. 9483. Department One. July 14, 1911.]

EFFIE GREEN, *Appellant*, v. McLAUGHLIN REALTY COMPANY
*et al., Respondents.*[1]

VENDOR AND PURCHASER — REMEDIES OF VENDEE — DAMAGES FOR BREACH OF CONTRACT—PLEADING—COMPLAINT—SUFFICIENCY. A complaint by a vendee for damages states a good cause of action, when it alleges the vendor's contract to pave certain streets, its breach of the contract, and damage therefrom, and damages from defendant's failure to construct in a workmanlike manner, certain improvements which it was its duty to construct, and that plaintiff would have paid installments due except for defendant's breach, the same being a sufficient excuse for nonpayment.

Appeal from a judgment of the superior court for King county, Carey, J., entered March 22, 1911, upon sustaining

[1]Reported in 116 Pac. 641.

a demurrer to the complaint, dismissing an action on contract. Reversed.

*H. A. P. Myers* and *Walter L. Johnstone*, for appellant.
*Frank A. Paul*, and *Robt. F. Booth*, for respondents.

DUNBAR, C. J.—This is an action for damages under a contract for the sale of real estate. The contract and complaint are too long to be set forth at length here, but the complaint, among other things, alleges, that defendants and each of them have violated the covenants and provisions of said contract, in this, to wit, that they and each of them failed and neglected to pave the street abutting upon the property mentioned in said contract within one year from October 3, 1906, as provided in said contract, or at all, and that said street has never yet been paved; that the cement sidewalks, sewers, and water mains which have been put in were and are of the cheapest kind, and the workmanship and material were cheap and shabby and insufficient to serve the purposes for which they were intended; that the reasonable cost of paving said street in front of and abutting said property is the sum of about $600, and the paving of the street in front of said lots, if made at the time specified in said agreement, would have increased and enhanced the market value of said lots in the sum of at least $1,000; that the damage to said property on account of poor work and material in the cement sidewalks and sewers and water main was and is the sum of $500; that if the defendants had caused said street to be improved, as agreed upon in said contract, the plaintiff would have paid, or caused to be paid, the full installments as and when they became due according to said contract; that the plaintiff did not make the payments that are now due, according to the strict terms of said contract, for the sole reason that the improvements had not been made thereon, as agreed by defendants, and on or about October, 1907, defendants notified the plaintiff that they did not

intend to make further improvements upon said property; that if said improvements had been put in at the time and as specified in the contract, plaintiff could have sold said property at a profit of at least $1,000 over and above the purchase price; that plaintiff paid $150 at the execution of the contract, and thereafter various other amounts, aggregating the sum of $1,265. These are the main averments of the complaint, but other incidental averments were made to make the proper connection in the complaint with the averments set out. The court sustained a general demurrer to the complaint. The plaintiff electing to stand upon her complaint and refusing to plead further, judgment of dismissal followed, from which this appeal is taken.

The only question to be considered, therefore, is the sufficiency of the complaint. The demurrer, of course, confesses all the allegations of the complaint which are properly pleaded. The appellant relies upon the case of *Crampton v. McLaughlin Realty Co.*, 51 Wash. 525, 99 Pac. 586, 21 L. R. A. (N. S.) 823, which was a case against the respondents in this case, and an action of rescission on a contract exactly like the one involved in this case. The respondents contend that that case is not controlling in any manner, the fact that one of the parties was the same and that the contract was the same being purely incidental. It cannot be said that the sufficiency of the complaint in this case is controlled by the case cited, but that case does decide that the action which has been commenced in this case is the proper form of action, viz., an action for damages. But we think that the complaint plainly states a cause of action. It alleges a contract and the breach thereof by the defendants, and the damages which resulted to the plaintiff from such breach; alleges that the defendants contracted to pave certain streets abutting upon the property, and that they failed to do so; that sidewalks, sewers, and water mains, which under the contract it was the defendants' duty to construct, had not been constructed in a workmanlike manner, and that

damages resulted therefrom. We think that the allegation in the complaint that the plaintiff would have paid or caused to be paid the full installments which, under the contract, she was to pay when they became due, if defendants had caused said street to be improved, was the pleading of a sufficient excuse for her seeming default in not making such payments.

The judgment will be reversed, with instructions to over-rule the demurrer.

FULLERTON, GOSE, PARKER, and MOUNT, JJ., concur.